FILED
CLERK, U.S. DISTRICT COURT
11/19/2021
CENTRAL DISTRICT OF CALIFORNIA
BY: ___AP___ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| United States of America | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | 3:21-MJ-00217      5:21-mj-00690 |
| v. | |
| KEVIN ROBERT MCCARTY | **DECLARATION RE OUT-OF-DISTRICT WARRANT** |
| DEFENDANT(S). | |

The above-named defendant was charged by: 18 U.S.C. §§ 2251(a), 2, 18 U.S.C. § 2252A(a)(2), 18 U.S.C. § 2261A(2)(B), 18 U.S.C. in the ____ District of Oregon on 11/16/2021 at 10:45 ☐ a.m. / ☒ p.m. The offense was allegedly committed on or about ____ in violation of Title 18 U.S.C., Section(s) 2251(a),2 to wit: Sexual Exploitation of Children

A warrant for defendant's arrest was issued by: Hon. Jolie Russo, U.S. Magistrate Judge

Bond of $ _____ was ☐ set / ☐ recommended.

Type of Bond:

Relevant document(s) on hand (attach): Criminal Complaint and Arrest Warrant

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   11/18/21
                  Date

_____        Ben Shelton
Signature of Agent                Print Name of Agent

Homeland Security Investigations  Special Agent
Agency                            Title



FILED
CLERK, U.S. DISTRICT COURT
11/19/2021
CENTRAL DISTRICT OF CALIFORNIA
BY: AP  DEPUTY

Submit this form by e-mail to:

CrimIntakeCourtDocs-LA@cacd.uscourts.gov  For Los Angeles criminal duty.
CrimIntakeCourtDocs-SA@cacd.uscourts.gov  For Santa Ana criminal duty.
CrimIntakeCourtDocs-RS@cacd.uscourts.gov  For Riverside criminal duty.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>PLAINTIFF<br>V.<br>KEVIN ROBERT MCCARTY<br>USMS# 2111300587<br>DEFENDANT | CASE NUMBER:<br>5:21-mj-00690  3:21-mj-00217<br><br>REPORT COMMENCING CRIMINAL ACTION |

TO: CLERK'S OFFICE, U.S. DISTRICT COURT

All areas must be completed. Any area not applicable or unknown should indicate "N/A".

1. The defendant was arrested in this district on 11/18/2021 @ 12;50 at ☐ AM ☒ PM
   or
   The defendant was arrested in the _____ District of _____ on _____ at ☐ AM ☐ PM

2. The above named defendant is currently hospitalized and cannot be transported to court for arraignment or any other preliminary proceeding:  ☐ Yes  ☒ No

3. Defendant is in U.S. Marshals Service lock-up (in this court building):  ☐ Yes  ☒ No

4. Charges under which defendant has been booked:

   18 U.S.C. §§ 2251(a), 2, 18 U.S.C. § 2252A(a)(2), 18 U.S.C. § 2261A(2)(B), 18 U.S.C. § 2422(b), 18 U.S.C. § 242

5. Offense charged is a:  ☒ Felony  ☐ Minor Offense  ☐ Petty Offense  ☐ Other Misdemeanor

6. Interpreter Required:  ☒ No  ☐ Yes  Language: _____

7. Year of Birth: 1985

8. Defendant has retained counsel:  ☒ No
   ☐ Yes  Name: _____  Phone Number: _____

9. Name of Pretrial Services Officer notified: _____

10. Remarks (if any): _____

11. Name: Ben Shelton  (please print)

12. Office Phone Number: 213 272 6370

13. Agency: HSI

14. Signature: _[signature]_

15. Date: 11/18/2021

CR-64 (09/20)   REPORT COMMENCING CRIMINAL ACTION

Case 5:21-Case-5:22-cr-00421-EJD Document 7-1 4 Filed 11/23/21 Page 3 of 5 Page ID #:39

FILED
11/19/2021
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: KC DEPUTY

TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JERRY C. YANG
Assistant United States Attorney
Chief, Riverside Branch Office
BYRON R. TUYAY (Cal. Bar No. 308049)
Assistant United States Attorney
Riverside Branch Office
    3403 Tenth Street, Suite 200
    Riverside, California 92501
    Telephone: (951) 276-6230
    Facsimile: (951) 276-6202
    E-mail:    byron.tuyay@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                UNITED STATES DISTRICT COURT

           FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>          v.<br><br>KEVIN ROBERT McCARTY,<br>  aka "Robbie MacKenzie",<br><br>          Defendant. | Case No. 5:21-MJ-690<br><br>GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION |
|---|---|

    Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

    1.  Temporary 10-day Detention Requested (§ 3142(d)) on the following grounds:

        a. present offense committed while defendant was on release pending (felony trial), (sentencing), (appeal), or on (probation) (parole); or

1

```
           b.  defendant is an alien not lawfully admitted for
               permanent residence; and
           c.  defendant may flee; or
           d.  pose a danger to another or the community.
    X   2. Pretrial Detention Requested (§ 3142(e)) because no
           condition or combination of conditions will reasonably
           assure:
        X     a. the appearance of the defendant as required;
        X     b. safety of any other person and the community.
        3. Detention Requested Pending Supervised Release/Probation
           Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18
           U.S.C. § 3143(a)):
              a.  defendant cannot establish by clear and convincing
                  evidence that he/she will not pose a danger to any
                  other person or to the community;
              b.  defendant cannot establish by clear and convincing
                  evidence that he/she will not flee.
    X   4. Presumptions Applicable to Pretrial Detention (18 U.S.C.
           § 3142(e)):
              a.  Title 21 or Maritime Drug Law Enforcement Act
                  ("MDLEA") (46 U.S.C. App. 1901 et seq.) offense with
                  10-year or greater maximum penalty (presumption of
                  danger to community and flight risk);
              b.  offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or
                  2332b(g)(5)(B) with 10-year or greater maximum
                  penalty (presumption of danger to community and
                  flight risk);
```

```
    __X__    c. offense involving a minor victim under 18 U.S.C. §§
             1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251,
             2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4),
             2260, 2421, 2422, 2423 or 2425 (presumption of
             danger to community and flight risk);
    _____    d. defendant currently charged with an offense
             described in paragraph 5a - 5e below, AND defendant
             was previously convicted of an offense described in
             paragraph 5a - 5e below (whether Federal or
             State/local), AND that previous offense was
             committed while defendant was on release pending
             trial, AND the current offense was committed within
             five years of conviction or release from prison on
             the above-described previous conviction (presumption
             of danger to community).
__X__  5. Government Is Entitled to Detention Hearing Under §
          3142(f) If the Case Involves:
       _____ a. a crime of violence (as defined in 18 U.S.C. §
             3156(a)(4)) or Federal crime of terrorism (as
             defined in 18 U.S.C. § 2332b(g)(5)(B)) for which
             maximum sentence is 10 years' imprisonment or more;
       _____ b. an offense for which maximum sentence is life
             imprisonment or death;
       _____ c. Title 21 or MDLEA offense for which maximum sentence
             is 10 years' imprisonment or more;
```

3

1              _____    d. any felony if defendant has two or more convictions
2                          for a crime set forth in a-c above or for an offense
3                          under state or local law that would qualify under a,
4                          b, or c if federal jurisdiction were present, or a
5                          combination or such offenses;
6               X        e. any felony not otherwise a crime of violence that
7                          involves a minor victim or the possession or use of
8                          a firearm or destructive device (as defined in 18
9                          U.S.C. § 921), or any other dangerous weapon, or
10                         involves a failure to register under 18 U.S.C. §
11                         2250;
12              X        f. serious risk defendant will flee;
13             _____    g. serious risk defendant will (obstruct or attempt to
14                         obstruct justice) or (threaten, injure, or
15                         intimidate prospective witness or juror, or attempt
16                         to do so).
17   _____   6. Government requests continuance of _____ days for
18              detention hearing under § 3142(f) and based upon the
19              following reason(s):
20              _____
21              _____
22              _____
23              _____
24   //
25   //
26   //
27
28

4

7. Good cause for continuance in excess of three days exists in that:

_____

_____

_____

_____

Dated: November 19, 2021          Respectfully submitted,

                                  TRACY WILKINSON
                                  Acting United States Attorney

                                  JERRY YANG
                                  Assistant United States Attorney
                                  Chief, Riverside Branch Office

                                  /s/ BRTuyay
                                  _____
                                  BYRON R. TUYAY
                                  Assistant United States Attorney

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA

| NAME & ADDRESS | |
|---|---|
| | **FILED**<br>CLERK, U.S. DISTRICT COURT<br>11/19/2021<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY: ___KC___ DEPUTY |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA<br>PLAINTIFF,<br>V.<br>Kevin Robert McCarty<br>DEFENDANT(S). | CASE NUMBER<br>5:21-mj-690<br><br>CONSENT TO VIDEO/TELEPHONIC CONFERENCE AND/OR WAIVER OF DEFENDANT'S PRESENCE<br>☐ AND PROPOSED FINDINGS/ORDER |
|---|---|

*Check each that applies:*

☒ CONSENT TO VIDEO CONFERENCE/TELEPHONIC CONFERENCE     ☐ WAIVER OF DEFENDANT'S PRESENCE

**1. Consent to Video Conference/Telephonic Conference**

I, __Kevin Robert McCarty__, understand that the U.S. Constitution, the Federal Rules of Criminal Procedure, and/or one or more federal statutes may give me the right to have all the below-listed proceedings take place in person in open court. After consultation with counsel, I knowingly and voluntarily consent to the proceedings below instead taking place by video conference or, if video conference is not reasonably available, by telephonic conference:

*Check each that applies:*

☒ Detention/Bail Review/Reconsideration Hearing(s) (18 U.S.C. Sec. 3142)     ☒ Initial Appearance (Fed. R. Crim. P. 5)

☐ Preliminary Hearing (Fed. R. Crim. P. 5.1)     ☐ Arraignment (Fed. R. Crim. P. 10)

☐ Pretrial Release Revocation Proceedings (18 U.S.C. Sec. 3148)     ☐ Waiver of Indictment (Fed. R. Crim. P. 7(b))

☐ Misdemeanor Pleas and Sentencings (Fed. R. Crim. P. 43(b)(2))     ☐ Appearances under Fed. R. Crim. P. 40

☐ Probation and Supervised Release Revocation Proceedings (Fed. R. Crim. P. 32.1)

*Note: to consent to an appearance by video or telephonic conference at one of the two proceedings listed below, you must also complete the "Proposed Findings" section on page 2 of this form.*

☐ Felony Pleas (Fed. R. Crim. P. 11)     ☐ Felony Sentencings (Fed. R. Crim. P. 32)

**2. Waiver of Defendant's Presence**

I, _____, understand that the U.S. Constitution, the Federal Rules of Criminal Procedure, and/or one or more federal statutes may give me the right to be present at all of the below-listed proceedings - in person, by video conference, or by telephonic conference. After consultation with counsel, I knowingly and voluntarily waive my right to be present in person in open court or by video conference or by telephonic conference at the proceedings below:

*Check each that applies (and use Form CR-35 to waive the defendant's presence at other types of proceedings):*

☐ Detention/Bail Review/Reconsideration Hearing(s) (18 U.S.C. Sec. 3142)     ☐ Waiver of Indictment (Fed. R. Crim. P. 7(b))

☐ Preliminary Hearing (Fed. R. Crim. P. 5.1)     ☐ Appearances under Fed. R. Crim. P. 40

☐ Pretrial Release Revocation Proceedings (18 U.S.C. Sec. 3148)

☐ Misdemeanor Pleas and Sentencings (Fed. R. Crim. P. 43(b)(2))

☐ Probation and Supervised Release Revocation Proceedings (Fed. R. Crim. P. 32.1)

| 11/19/21 | _____ | _____ |
|---|---|---|
| Date | Defendant | ☒ Signed for Defendant by Counsel for Defendant with Defendant's Authorization [Check if applicable] |

CR-029 (06/20)     CONSENT TO VIDEO/TELEPHONIC CONFERENCE AND/OR WAIVER OF DEFENDANT'S PRESENCE     P. 1 OF 2

I have translated this consent/waiver to the Defendant in the _____ language.

_____  _____
Date                      Interpreter (if required)

☐ Signed for Interpreter by Counsel for Defendant with Interpreter's Authorization [Check if applicable]

I am counsel for the Defendant herein. Prior to the Defendant signing this document or authorizing me to sign this document on the Defendant's behalf, I fully advised the Defendant of the Defendant's above-referenced rights and consulted with the Defendant regarding such rights and the Defendant's consent/waiver(s). I believe that the Defendant understands such rights and that the Defendant's consent/waiver(s) are knowing and voluntary, and I concur with such consent/waiver(s).

11/19/21                  [signature]
Date                      Counsel for Defendant

### 3. Proposed Findings Regarding Harm of Further Delay of Felony Plea or Sentencing

Pursuant to § 15002(b)(2) of the Coronavirus Aid, Relief, and Economic Security ("CARES") Act and § 2 of Order of the Chief Judge No. 20-043 (In Re: Coronavirus Public Emergency Use of Video and Telephonic Conference in Certain Criminal Proceedings), felony pleas and sentencings cannot be conducted other than in person in open court unless the judge makes specific findings that the plea or sentencing "cannot be further delayed without serious harm to the interests of justice." Accordingly, if the defendant intends to consent to a felony plea or sentencing taking place by video conference or, if video conference is not reasonably available, by telephonic conference, instead of in person in open court, the defendant must set forth below proposed findings sufficient to make this showing.

### 4. Order Adopting Findings Regarding Harm of Further Delay of Felony Plea or Sentencing

Pursuant to § 15002(b)(2) of the Coronavirus Aid, Relief, and Economic Security ("CARES") Act and § 2 of Order of the Chief Judge No. 20-043 (In Re: Coronavirus Public Emergency Use of Video and Telephonic Conference in Certain Criminal Proceedings), I hereby find that the:

☐ Felony Plea (Fed. R. Crim. P. 11)      ☐ Felony Sentencing (Fed. R. Crim. P. 32)

in this case cannot be further delayed without serious harm to the interests of justice, for the reasons set forth above.

_____  _____
Date                      United States District Judge