BILLY J. WILLIAMS, OSB 901366
United States Attorney
District of Oregon
**GARY Y. SUSSMAN, OSB 873568**
Assistant United States Attorney
gary.sussman@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, Oregon  97204-2902
Telephone:  (503) 727-1000
Attorneys for the United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 3:21-mj-00217 |
| v. | GOVERNMENT'S MEMORANDUM ON CONTINUED DETENTION PENDING TRIAL |
| KEVIN ROBERT McCARTY, a/k/a "Robbie MacKenzie," | |
| Defendant. | |

Defendant is an unrepentant online predator who repeatedly victimized adolescent girls in Canada.  He convinced them to send him sexually images and videos of themselves, then extorted them for more.  He threatened to – and did – post the images online to coerce the victims into complying with his demands.  In at least two instances, he told them they could either comply or kill themselves.  When he learned law enforcement agents had executed a search warrant at his residence, he used one victim's social media account to send threatening communications to several school children in Canada, which resulted in a school lockdown.

**Government's Memorandum on Continued Detention Pending Trial**                                                              Page 1

Defendant is charged by criminal complaint with two counts of sexually exploiting children in violation of 18 U.S.C. §§ 2251(a) and 2, one count of distributing child pornography in violation of 18 U.S.C. § 2252A(a)(2), two counts of cyberstalking in violation of 18 U.S.C. § 2261A(2)(B), two counts of online enticement of a minor in violation of 18 U.S.C. § 2422(b), and one count of transferring obscene material to a minor. He was arrested by Homeland Security Investigations agents in Riverside, California, and was ordered detained following a contested detention hearing in the Central District of California. He should be detained in this district as well.

## I.　　FACTUAL AND PROCEDURAL BACKGROUND

Defendant used various social media platforms, including Snapchat and Instagram, to stalk at least three adolescent girls in Canada and to persuade, induce, entice, and coerce them to produce and send him sexually explicit images and videos of themselves. Once they sent him images or videos, he demanded more and stalked them online relentlessly until they complied. If they refused to send him more, he posted the images or videos they had already sent him. In two instances, he told the victims that the only way they could get him to stop was to comply or kill themselves.

Defendant misrepresented his name and age to the victims. He took over one victim's social media accounts, changed the passwords, and used them to contact and entice other victims. He directed the first victim (identified in the complaint affidavit as MV-1) to have sex with boys from her school, video record the acts, then send the videos to him. He threatened to rape MV-1's younger sister if she did not comply with his demands.

MV-1 reported sending defendant at least 50 images of her naked breasts, vagina, and buttocks. She also sent defendant a video of herself performing oral sex on a boy in a bathroom, which she produced at defendant's request. Defendant later sent the video to MV-1's friends. He also communicated with MV-1 through her school email account, directing her to have sex with boys her own age and send him videos of the acts. Examples of those emails appear in the criminal complaint affidavit at pages 20-23.

That victim's mother intervened and tried to stop defendant from exploiting the victim. She spoke with him by phone, and by video chat. She and MV-1 both identified defendant from a photographic lineup.

MV-1's aunt took screenshots of some of defendant's threatening communications. Copies of those communications appear as Exhibit 1. In them, defendant threatens to "cut ur sister's throat" if anything happened to him. In fact, he promises that he will "get out on bail and murder her" (Exhibit 1, at 2). He told her he is "not stopping," that he "posted ur address" online, and that "The only way u get away from me is if u die" (*id.*). He threatened her grandmother, someone named "Charlie," and someone named "Kenzie" unless MV-1 stayed with him (*id.* at 3-4). In fact, defendant said that "Charlie" was "gonna be raped and killed" (*id.* at 4), and "will be dead by the end of the week" (*id.* at 5). The screenshots include one of defendant's face (*id.* at 6).

There were two other adolescent victims as well. Defendant used MV-1's Snapchat account to reach out to the second victim (identified in the complaint affidavit as MV-2). MV-2 sent two nude videos of herself to defendant, who she believed was MV-1. After receiving those videos, defendant demanded that MV-2 produce and send him more, including videos of

**Government's Memorandum on Continued Detention Pending Trial**                                                   **Page 3**

her performing oral sex on a boy. He threatened to send her videos to her friends on Snapchat, and did so when she refused to send him more. He also told MV-2 to kill herself by slitting her wrists or taking pills. He boasted that the police could not get him, even though they had already tried.

Defendant also extorted a third victim online (identified in the complaint affidavit as MV-3). MV-3 sent him nude images and videos of herself, including videos showing MV-3 masturbating.

On November 16, 2021, U.S. Magistrate Judge Jolie Russo issued a criminal complaint and arrest warrant charging defendant with the above-referenced offenses. She also issued a search warrant for defendant's person and the Happy Valley residence he shared with his mother, sister, brother-in-law, and his sister's young children. He was living there when he committed the offenses in the criminal complaint.

HSI agents served the search warrant at defendant's residence on November 18, 2021. Defendant was not home, although his mother, sister, and brother-in-law were. Agents learned that defendant was visiting a cousin in Riverside, California.

Defendant's brother-in-law called the cousin and told her federal agents were searching the Happy Valley residence. The cousin, in turn, told defendant. In response, defendant used MV-1's social media account to send messages to several of her friends threatening to go to her school and start shooting, resulting in a lockdown at the school.

Shortly thereafter, agents located and arrested defendant at his cousin's residence in Riverside and seized two cell phones, including one that he tried to conceal under a seat cushion. Those devices have not been searched yet. Defendant made no statements.

Defendant made his initial appearance in the Central District of California on November 19, 2021, and was ordered detained pending removal to the District of Oregon. He is scheduled for his first appearance in this district on December 6, 2021.

## II.     DISCUSSION

The Bail Reform Act provides that defendants shall be detained pending trial where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). The government bears the burden of establishing danger to the community by clear and convincing evidence; risk of flight need only be proved by a preponderance of the evidence. *United States v. Aitken*, 898 F.2d 104, 107 (9th Cir. 1990); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986). The Federal Rules of Evidence do not apply in pretrial detention proceedings. Fed. R. Evid. 1101(d)(3); 18 U.S.C. § 3142(f). Thus, the parties may present evidence by proffer or through hearsay. *Winsor*, 785 F.2d at 756. *See also United States v. Bibbs*, 488 F. Supp. 2d 925, 925-26 (N.D. Cal. 2007).

Where, as here, there is probable cause to believe that a defendant committed a specified offense against a minor victim (including sexual exploitation of a child, distribution of child pornography, and online enticement of a minor), a rebuttable presumption arises that "no condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(3)(E). The burden shifts to the defendant to rebut the presumption. *United States v. Carbone*, 793 F.2d 559, 560 (3d Cir. 1986); *cf. United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008) (noting that in a

terrorism case involving the presumption, "the presumption shifts a burden of production to the defendant, [but] the burden of persuasion remains with the government").

Even if it is rebutted, the presumption does not disappear; it continues to carry evidentiary weight. *See Hir*, 517 F.3d at 1086 ("The presumption is not erased when a defendant proffers evidence to rebut it; rather the presumption remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)") (internal quotations and citation omitted). Other factors to consider include: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a minor victim; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, history relating to drug or alcohol abuse, and supervision status at the time of the current offense; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g); *Hir*, 517 F.3d at 1086.[1] Each of those factors weigh in favor of continued detention in this case.

### A. *Nature and Circumstances of the Offenses Charged.*

Defendant is charged with sexual exploitation of a child, distribution of child pornography (depicting his minor victims), online enticement, cyberstalking, and transmitting

---

[1] Child pornography and online enticement offenses are considered crimes of violence under the Bail Reform Act. *See* 18 U.S.C. § 3156(a)(4)(C) (defining the term "crime of violence" to include "any felony under chapter 109A, 110, or 117" of Title 18. Child pornography offenses are in chapter 110, online enticement is in chapter 117.

obscene material to a minor. Several of those offenses are considered crimes of violence; all of them involved minor victims. Defendant's conduct was flagrant, repeated, and incredibly predatory. He extorted and threatened at least three adolescent girls. He forced them to send him sexually explicit videos of themselves, including videos of themselves masturbating and performing sex acts on boys. He told them that the only way to make it stop was to either comply or kill themselves.

Defendant told MV-1 that he would rape and kill her sister, and that he would harm other friends or family members. In fact, he told MV-1 that if anything happened to him, he would "get out on bail," "cut ur sister's throat," and "murder her" (Exhibit 1 at 2). His conduct is extremely serious and continued even after he learned that federal agents were *at that moment* serving a search warrant at his residence.

### B.    The Weight of the Evidence.

The evidence against defendant is overwhelming. MV-1 and her mother have seen his face, and positively identified him from a photographic lineup. Accounts he used to commit the offenses have been linked to him. The alias name he used – "Robbie MacKenzie" – is comprised of his middle name and his brother-in-law's name. And many of the details provided by MV-1 and her mother have been corroborated.

### C.    Defendant's History and Characteristics.

Defendant has been arrested several times and convicted twice. In 2007, he was convicted in California of a misdemeanor stalking offense. He was also arrested in 2007 for making an obscene or threatening telephone call, but that case was dismissed. In 2011, he was charged in California with oral copulation with a person under 18, stalking, and obscene

material depicting a minor. Those charges were resolved with a felony conviction for stalking, for which defendant was sentenced to 465 days in jail and 48 months of probation. Defendant has completed that sentence.

On March 29, 2020, FBI agents in Portland interviewed defendant at his residence in connection with a separate sextortion investigation involving a 17-year-old victim in St. Louis, Missouri. In that case, defendant convinced the victim to send him sexually explicit images and videos in exchange for money. Once he had them, he demanded more, and threatened to kill her if she did not comply. The victim reported the threats to authorities.

During the interview, defendant admitted communicating with that victim and acknowledged she had sent him several images and videos. He gave the agents his digital devices and provided written consent to search them, which he revoked less than a day later. Agents obtained a warrant to search the devices. No charges were filed.

Defendant's two prior stalking convictions (one of which was a felony) did not deter him from committing additional offenses. Neither did four years of supervision. Nor was he deterred by a visit from the FBI in March 2020. In fact, he obtained new devices and shortly thereafter began extorting MV-1. And his conduct became even more aggravated. Extorting adolescent girls for sexually explicit images and videos is bad enough; telling them to kill themselves is beyond the pale. The extortionate and threatening communications in Exhibit 1 speak volumes about defendant's character. Defendant is a dangerous predator who should remain in custody pending trial.

### D. The Nature and Seriousness of the Danger Posed by Release.

The danger defendant poses is extreme. He stalked, extorted, and threatened at least three adolescent girls in Canada – and those are just the victims authorities are presently aware of. His conduct in this case follows two prior California convictions for stalking (one of which appears to involve the hands-on sexual abuse of a minor), and an interview by the FBI in connection with the online extortion of a minor victim in St. Louis. Defendant was undeterred by his two prior convictions and four years of post-prison probation in California, or by a visit from the FBI. He committed the offenses in this case while he was living with his mother, his sister and brother-in-law, and their several young children. Indeed, he co-opted his bother-in-law's name as his online alias.

His conduct in this case is chilling. He stalked the victims online, threatened them repeatedly, and promised to murder MV-1's sister if anything happened to him. He promised to "get out on bail" and cut the sister's throat. He threatened to post the images and videos he obtained from his victims unless they sent him more, then followed through on those threats. He has scarred those victims for life. And his conduct continued even after he learned that federal agents were searching his family's residence, resulting in a school lockdown in Canada. Defendant poses an extraordinary danger and a severe risk if he is released.

Defendant also poses a serious risk of flight. Five of the counts in the complaint carry a presumption in favor of detention. The two sexual exploitation counts carry mandatory minimum sentences of 15 years. The two online enticement counts carry ten-year mandatory minimum sentences, and a maximum of life. The child pornography distribution count carries a five-year minimum. Defendant has a very strong incentive to flee.

**Government's Memorandum on Continued Detention Pending Trial**      **Page 9**

Defendant may argue that he has a stable residence with his mother, sister, and brother-in-law. However, he was living there when he committed the instant offenses, and the brother-in-law called to warn him that agents were looking for him. Moreover, there are several young children living in the house to whom defendant poses an unacceptable risk.

### III.   CONCLUSION

Given the highly troubling nature of defendant's conduct and his history of stalking and extortionate behavior, he presents an unacceptable risk to the community. There are no conditions or combination of conditions that will mitigate that risk. Defendant should remain in custody pending trial.

DATED: December 6, 2021.                             Respectfully submitted,

                                                     SCOTT ERIK ASPHAUG
                                                     Acting United States Attorney

                                                     */s/ Gary Y. Sussman*
                                                     GARY Y. SUSSMAN, OSB 873568
                                                     Assistant United States Attorney