SCOTT ERIK ASPHAUG, OSB #833674
Acting United States Attorney
District of Oregon
**GARY Y. SUSSMAN, OSB #873568**
Assistant United States Attorney
gary.sussman@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, Oregon  97204-2902
Telephone:  (503) 727-1000
Attorneys for the United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 3:21-MJ-00217 |
| v. | **UNOPPOSED MOTION FOR PROTECTIVE ORDER** |
| KEVIN ROBERT McCARTY, | |
| **Defendant.** | |

The United States of America moves the Court for a protective order limiting the copying and dissemination of certain discovery materials described below.  Defendant, through Assistant Federal Public Defender Robert Hamilton, does not oppose this motion and agrees with the provisions of the proposed order.

Defendant is charged by criminal complaint with two counts of sexual exploitation of children in violation of 18 U.S.C. § 2251(a), distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2), two counts of cyberstalking in violation of 18 U.S.C. § 2261A(2)(B), two counts of online enticement of a minor in violation of 18 U.S.C. § 2422(b), and transferring obscene material to a minor in violation of 18 U.S.C. § 1470.  Those charges arise from conduct involving three minor victims who live in Canada.

The government is preparing its initial pretrial discovery in this case. The discovery includes reports from Homeland Security Investigations and the Royal Canadian Mounted Police (RCMP). The reports contain numerous references to the names, social media account identifiers, and personal identifying information of the minor victims. In addition, the discovery contains graphic descriptions of sexual conduct some of the victims engaged in, and screen shots of social media exchanges between defendant and certain of the victims.

18 U.S.C. § 3509(d) imposes on the government an obligation to safeguard the identities of child victims. Ordinarily, the government redacts personal identifying information about minor victims from reports prior to providing the reports in discovery. Because of the volume of material and the numerous references to specific minor victims in those materials, redacting the reports would require considerable time and effort. Rather than delay discovery while the materials are redacted, the parties have agreed to the entry of an appropriate protective order limiting the use and further dissemination of the materials.

18 U.S.C. § 3509(d)(3) provides for the issuance of an order "protecting a child from public disclosure of the name or any other information concerning the child in the course of the proceedings, if the court determines that there is a significant possibility that such disclosure would be detrimental to the child." The order may include any measures "that may be necessary to protect the privacy of the child." 18 U.S.C. § 3509(d)(3)(B)(ii).

Public disclosure of the names, social media accounts, and other identifying information of minor victims of sexual exploitation could result in embarrassment, humiliation, and undue attention from the public and the media, which would be detrimental to those children.

Accordingly, the parties agree that a protective order is appropriate. The parties agree that the protective order should provide as follows:

1. The government will furnish one electronic copy of the discovery materials to counsel for defendant. Counsel may disseminate one copy of those materials to his investigator and to any expert who counsel retains to assist him in the preparation or presentation of the defense, to the extent such dissemination is necessary to assist counsel in the preparation of the defense. Anyone who receives a copy of any discovery material must also receive a copy of the protective order and must agree to be bound by its terms. No further copying or dissemination of the material is permitted.

2. Counsel may show the discovery materials to defendant and discuss their contents with him. However, counsel may not furnish copies of any of the discovery materials to defendant.

3. No one to whom disclosure is made may divulge or disclose the name, social media account identifiers, or other personal identifying information of any minor victim to any member of the public, to the media, or in any publicly filed court document.

The government will submit a proposed form of order containing the foregoing provisions to the Court. The proposed form of order was reviewed and approved by counsel for defendant prior to being submitted to the Court.

DATED: December 20, 2021.

Respectfully submitted,

SCOTT ERIK ASPHAUG
Acting United States Attorney

*/s/ Gary Y. Sussman*
GARY Y. SUSSMAN, OSB #873568
Assistant United States Attorney