**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Gary Y. Sussman
Assistant U.S. Attorney
gary.sussman@usdoj.gov
(503) 727-1030
*Reply to Portland Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Natalie K. Wight
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

November 28, 2022

Robert Hamilton
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, Oregon 97204

Re: *United States v. Kevin ~~Eugene~~ Robert McCarty*
Case No. 3:21-MJ-00217

Dear Mr. Hamilton:

This letter will set forth the government's plea offer in this case.

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges**: Defendant agrees to waive indictment and plead guilty to one count of online enticement of a minor, in violation of 18 U.S.C. § 2422(b), and two counts of sexual exploitation of children, in violation of 18 U.S.C. § 2251(a).

3. **Penalties**: Online enticement carries a maximum penalty of life imprisonment, a mandatory minimum ten years' imprisonment, a $250,000 fine, a term of supervised release of five years to life, and a $100 statutory fee assessment. Each count of sexual exploitation of children carries a maximum penalty of 30 years' imprisonment, a mandatory minimum 15 years' imprisonment, a $250,000 fine, a term of supervised release of five years to life, and a $100 fee assessment. Under 18 U.S.C. § 3014(a), each offense carries an additional $5,000 fee assessment for non-indigent persons. *In addition, defendant will be required to register as a sex offender.* Defendant may also be required to pay restitution to any victim of any offense to which he is pleading guilty. Defendant agrees to pay the $100 per count fee assessment by the change of plea hearing or explain to the Court why he cannot do so.

Robert Hamilton
November 28, 2022
Page 2

---

4. **Sex Offender Registration**: Defendant understands that under the federal Sex Offender Registration and Notification Act, he must register as a sex offender and keep the registration current in any state in which he resides, is employed, or is a student. Defendant understands that he must update his registration no later than three business days following any change of name, residence, employment, or student status. Defendant further understands that failure to comply with these obligations may subject him to prosecution under federal and/or state law for failing to register as a sex offender.

5. **No Additional Prosecution**: In exchange for defendant's guilty pleas the USAO will neither file nor seek any other new or additional federal criminal charges against defendant in the District of Oregon, presently known to the USAO, arising out of the investigation in this case.

6. **Sentencing Factors**: The parties agree that the court must determine an advisory sentencing guideline range pursuant to the United States Sentencing Guidelines (U.S.S.G.). The court will then determine a reasonable sentence within the statutory range after considering the advisory sentencing guideline range and the factors listed in 18 U.S.C. § 3553(a). The parties' agreement that guideline sentencing factors apply constitutes sufficient proof of those factors to satisfy the applicable evidentiary standard.

7. **Elements and Facts**: Defendant understands that the elements of online enticement of a minor are as follows:

   a. On or about the dates alleged in count one of the information, in the District of Oregon, defendant used a means or facility of interstate or foreign commerce to knowingly persuade, induce, entice, or coerce a person who was under the age of 18 to engage in sexual activity for which any person can be charged with a criminal offense.

Defendant understands that the elements of sexual exploitation of a child are as follows:

   a. On or about the dates alleged in counts two and three of the information, in the District of Oregon, defendant employed, used, persuaded, or coerced the minor victim identified in each count to engage in sexually explicit conduct.

   b. Defendant did so for the purpose of producing a visual depiction of such conduct, or for causing a live transmission of such conduct.

---

      c.      At the time of each offense, each identified victim was under the age of 18.

      d.      Defendant either knew or had reason to know that the visual depiction or live transmission would be transported in interstate or foreign commerce, *or* the visual depiction was produced using materials that had been shipped or transported in interstate or foreign commerce, *or* the visual depiction was actually transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce.

Defendant agrees that the government can prove each of the following facts beyond a reasonable doubt at trial:

      a.      Between July 2020 and October 2021, defendant, using the name "Robbie Mackenzie," communicated online with three minor victims who live in British Columbia, Canada. Defendant was in his mid-30s and living at his mother's residence in Happy Valley, Oregon. Defendant convinced the victims to send him sexually explicit images and videos of themselves, then demanded more. When they refused, he threatened to and did send the sexually explicit images and videos they already sent him to their friends, and posted the images and videos online.

      b.      Defendant met Minor Victim 1 (MV1) on Snapchat, an online instant messaging service, in July 2020. They eventually moved to Instagram, another online messaging service. MV1 was 14 years old at the time. Defendant told MV1 he was a 17-year-old singer. At his request, MV1 sent him sexually explicit images of herself. Defendant wanted more.

      c.      Defendant later told MV1 his name was "Robbie Mackenzie" and that he was older. When MV1 tried to block him from her social media accounts, defendant contacted her online friends. When she refused to send him more sexually explicit images of herself, he sent the images she previously sent him to her friends and posted them online. He took control of MV1's social media accounts, posted vulgar comments on them, and used them to contact other minors while posing as MV1. Defendant threatened to rape and kill MV1's younger sister if she did not comply with his demands.

      d.      At one point, defendant directed MV1 to record herself performing oral sex on a boy in a school bathroom and to send him the video. She did so,

---

        hoping he would leave her alone. He did not. In fact, he sent the video to her friends. He also told her to harm herself.

e.     During the summer of 2021, Minor Victim 2 met defendant on Snapchat. Defendant was posing as MV1. MV2 was 15 years old at the time. At defendant's request, MV2 sent him two sexually explicit videos of herself. He demanded more. When she refused, he sent nude images of MV2 to many of her Snapchat and Instagram contacts. At one point, defendant told her to kill herself by slitting her wrists or taking pills.

e.     In September 2021, defendant, who passed himself off as 22-year-old Robbie Mackenzie, met Minor Victim 3 on Instagram. MV3 was 14 years old, although at first, she told defendant she was 17, and later 15. MV3 sent defendant sexually explicit images and videos of herself at his request, including one video that depicted her masturbating.

f.     On November 18, 2021, agents executed a federal search warrant at defendant's residence. He was visiting his cousin in Riverside, California. Defendant's family members informed defendant of the search. After learning of the search, defendant, using a social media account belonging to MV1, sent threatening messages to students at MV1's school in British Columbia, causing a lockdown.

g.     Agents in Riverside located and arrested defendant at his cousin's residence and seized two smartphones, one of which defendant tried to conceal. The two phones were later searched pursuant to a separate federal warrant. Forensic examinations revealed that various social media applications, including Snapchat and Instagram, were installed on the phones, and that the phones had been used to communicate with accounts belonging to MV1, MV2, and MV3. Snapchat conversations with MV1 and Instagram conversations with MV2 and MV3 were found on one phone. Sexually explicit videos of various minors, including MV2, were also found on one of the phones.

g.     Both Snapchat and Instagram are internet-based instant messaging platforms. The internet is a means or facility of interstate and foreign commerce. Moreover, since each minor victim lives in Canada, the sexually explicit images and videos they produced and sent to defendant at his request were transmitted in interstate or foreign commerce.

Robert Hamilton
November 28, 2022
Page 5

---

8.  **Relevant Conduct**: The parties agree that defendant's relevant conduct, as defined in U.S.S.G. § 1B1.3, includes all the unlawful conduct alleged in each count of the information. The parties agree that the following guideline calculations presently apply:

    | | |
    |---|---|
    | Base offense level [U.S.S.G. §§ 2G1.3(c)(1), 2G2.1(a)] | 32 |
    | Offense involved minor under 16 [§ 2G2.1(b)(2)(B)] | +2 |
    | Offense involved knowing distribution [§ 2G2.1(b)(3)] | +2 |
    | Misrepresentation of identity/use of computer [§ 2G2.1(b)(6)] | +2 |
    | Multiple victims [§ 2G2.1(d)(1)] | +3 |
    | **Adjusted offense level** | **41** |

    Except as provided below, the parties agree that no additional specific offense characteristics or cross-references as set forth in U.S.S.G. §§ 2G2.2(b) or (c) and no aggravating or mitigating factors as set forth in U.S.S.G. Chapter Three presently apply to this case.

9.  **Acceptance of Responsibility**: Defendant must demonstrate to the Court that he fully admits and fully accepts responsibility for his unlawful conduct. If defendant does so, the USAO agrees to recommend a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any new or additional criminal offense, does anything else to obstruct or attempt to obstruct justice as explained in U.S.S.G. § 3C1.1, or does anything inconsistent with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

10. **Joint Sentencing Recommendation**: Provided defendant accepts responsibility and fulfills all his obligations under this agreement, the parties will jointly recommend that the Court impose a sentence of 20 years' imprisonment on all counts, imposed to run concurrently with each other. The parties each reserve the right to argue for an appropriate term of supervised release.

11. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence, including the term or conditions of supervised release imposed by the court (including constitutional challenges to those conditions), except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or

(3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence that exceeds the advisory guideline sentencing range as determined by the Court. If defendant seeks an appeal despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds except for ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). If defendant's conviction or sentence under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

12. **Court Not Bound**: Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the Court is not bound to adopt or accept the recommendations of the parties or the presentence report writer. Defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

13. **Full Disclosure/Reservation of Rights**: The USAO reserves the right to oppose or contest any argument made or motion filed by defendant at any time. The USAO also reserves the right to challenge statements of fact or guideline calculations in the presentence report, and will fully inform both the Court and the U.S. Probation Office of the facts of this case and the bases for its recommendations.

14. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offense between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, he must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise such a claim in the district court, he has waived that claim and is precluded from raising such a claim for the first time on appeal.

15. **Restitution**: The Court shall order restitution to each victim depicted in the images defendant distributed or possessed in the full amount of each victim's losses as determined by the Court. Defendant agrees to pay restitution for all losses proximately caused by his conduct.

Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due and payable. Defendant further

Robert Hamilton
November 28, 2022
Page 7

---

understands and agrees that pursuant to Title 18, United States Code, Section 3614, he may be resentenced to any sentence that could have originally been imposed if the Court determines that he knowingly and willfully refused to pay restitution as ordered or failed to make sufficient bona fide efforts to pay restitution. Additionally, defendant understands and agrees that the government may enforce collection of restitution imposed in this case pursuant to Title 18, United States Code, Sections 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the Court. Defendant understands that any monetary debt he owes in connection with this matter may be included in the Treasury Offset Program (TOP) to potentially offset his federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to Title 18, United States Code, Section 3612(b)(F), defendant understands and agrees that until a restitution order is paid in full, he must notify the United States Attorney's Office of any change in his mailing address or residence address within 30 days of the change. Further, pursuant to Title 18, United States Code, Section 3664(k), defendant must immediately notify the court and the U.S. Attorney's Office of any material change in his economic circumstances that might affect his ability to pay restitution, including but not limited to new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

16. **Abandonment Terms**: By signing this agreement, defendant knowingly and voluntarily abandons all right, title, and interest in and to a white Samsung smartphone in a black case, and a black Samsung smartphone.

17. **Total Agreement**: This letter states the full extent of the agreement between the parties. No promises, agreements, representations, or conditions other than those in this agreement will be effective unless memorialized in writing and signed by the parties or confirmed in court and on the record. Defendant agrees that no officer, employee, or agent of the United States has threatened or coerced him to induce him to accept this offer.

///

///

///

Robert Hamilton
November 28, 2022
Page 8

If defendant wishes to accept this offer, both of you should sign and date this letter in the spaces provided below. Please attach the signed original to the plea petition and send me a copy at your earliest convenience.

Very truly yours,

NATALIE K. WIGHT
United States Attorney

*/s/ Gary Y. Sussman*
GARY Y. SUSSMAN
Assistant United States Attorney

I FREELY AND VOLUNTARILY ACCEPT THE TERMS AND CONDITIONS OF THIS PLEA OFFER, AFTER FIRST REVIEWING AND DISCUSSING EACH PART OF IT WITH MY ATTORNEY. I AM SATISFIED WITH THE LEGAL ASSISTANCE PROVIDED TO ME BY MY ATTORNEY. I WISH TO PLEAD GUILTY BECAUSE I AM GUILTY.

1-26-23
Date

KEVIN EUGENE McCARTY
Defendant  Robert

I am legal counsel for defendant. I have carefully reviewed and discussed every part of this plea offer with defendant. To my knowledge, defendant's decisions to accept this agreement and to plead guilty are informed and voluntary ones.

1-26-23
Date

ROBERT HAMILTON
Attorney for Defendant